This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39547

**CHERYL GARDNER,**

Plaintiff-Appellant,

v.

**NEW MEXICO HEALTH INSURANCE EXCHANGE and the BOARD OF DIRECTORS OF THE NEW MEXICO HEALTH INSURANCE EXCHANGE,**

Defendants-Appellees,

and

**JEFFERY BUSTAMANTE, in his capacity as records custodian for the NEW MEXICO HEALTH INSURANCE EXCHANGE and for the BOARD OF DIRECTORS OF THE NEW MEXICO HEALTH INSURANCE EXCHANGE,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Lisa C. Ortega, District Court Judge**

Law Offices of Marshall J. Ray, LLC
Marshall J. Ray
Albuquerque, NM

for Appellant

Conklin Woodcock & Ziegler, P.C.

John K. Ziegler
Carol Dominguez Shay
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Plaintiff Cheryl Gardner appeals the dismissal of her claim under the Whistleblower Protection Act (WPA), NMSA 1978, §§ 10-16C-1 to -6 (2010).[1] Plaintiff argues that the district court incorrectly determined the WPA did not apply to the 2013 version of the New Mexico Health Insurance Exchange Act (NMHIXA), NMSA 1978, §§ 59A-23F-1 to -12 (2013, as amended through 2021),[2] and that the district court's interpretation of the NMHIXA and resulting ruling that the WPA did not apply to Defendant New Mexico Health Insurance Exchange leads to an absurd result. We hold that the WPA did not apply to Defendant until after the 2019 amendment to the NMHIXA. We therefore affirm.

## DISCUSSION

**{2}** "We review de novo a district court's order granting or denying a motion to dismiss under Rule 1-012(B)(6) NMRA." *State Eng'r of N.M. v. Diamond K Bar Ranch, LLC*, 2016-NMSC-036, ¶ 12, 385 P.3d 626. "In reviewing a district court's decision to dismiss for failure to state a claim, we accept all well-pleaded factual allegations in the complaint as true and resolve all doubts in favor of sufficiency of the complaint." *Valdez v. State*, 2002-NMSC-028, ¶ 4, 132 N.M. 667, 54 P.3d 71. Plaintiff's appeal also presents questions of statutory interpretation, which we review de novo. *See Baker v. Hedstrom*, 2013-NMSC-043, ¶ 10, 309 P.3d 1047.

**{3}** "In interpreting statutes, we seek to give effect to the Legislature's intent, and in determining intent we look to the language used and consider the statute's history and background." *Valenzuela v. Snyder*, 2014-NMCA-061, ¶ 16, 326 P.3d 1120 (internal quotation marks and citation omitted). "New Mexico courts have long honored this statutory command through application of the plain meaning rule, recognizing that when a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *Truong v. Allstate Ins. Co.*, 2010-NMSC-009, ¶ 37, 147 N.M. 583, 227 P.3d 73 (citation omitted) (text only). "The statute or statutes, whose construction is in question, are to be read in connection with other statutes concerning the same subject matter." *Wild Horse Observers Ass'n v. N.M. Livestock Bd.*, 2022-NMCA-061, ¶ 8, 519 P.3d 74 (internal quotation marks and

---

[1]Plaintiff's complaint included an Inspection of Public Records Act claim, which the parties settled. As such, Plaintiff's IPRA claim is not subject to appeal.

[2]Because the 2013 version of the NMHIXA is at issue on appeal, references to the NMHIXA refer to the 2013 version unless otherwise noted.

citation omitted). "Statutes must also be construed so that no part of the statute is rendered surplusage or superfluous, and we will not read into a statute language which is not there." *Am. Fed'n of State, Cnty. & Mun. Emps. v. City of Albuquerque*, 2013-NMCA-063, ¶ 5, 304 P.3d 443 (citations omitted) (text only).

**{4}** Plaintiff argues that Defendant is a public employer subject to the WPA because (1) the WPA defines "public employer" broadly such that it includes any entity or instrumentality of the state, including Defendant; (2) the Legislature's use of the term "governmental entity" in the NMHIXA to identify exemptions from certain obligations does not include the WPA in the list of specific exemptions, and therefore demonstrates an intent not to exempt Defendant from liability under the WPA; (3) the 2019 amendment to the NMHIXA supports the notion that the Defendant was never exempt from the WPA; and (4) holding that Defendant is "immune" from the WPA would lead to an absurd result.

**{5}** We start by reviewing the plain language of the WPA. The WPA prohibits a public employer from taking retaliatory action against a public employee under certain circumstances. *See* § 10-16C-3. The Legislature enacted the WPA "to encourage employees to report illegal practices without fear of reprisal by their employers," and to "promote[] transparent government and the rule of law." *Flores v. Herrera*, 2016-NMSC-033, ¶ 9, 384 P.3d 1070 (internal quotation marks and citation omitted). The WPA defines a "public employer" as:

> (1) any department, agency, office, institution, board, commission, committee, branch or district of state government;

> (2) any political subdivision of the state, created under either general or special act, that receives or expends public money from whatever source derived;

> (3) any entity or instrumentality of the state specifically provided for by law; and

> (4) every office or officer of any entity listed in Paragraphs (1) through (3) of this subsection.

Section 10-16C-2(C). Although the WPA provides a broad definition of "public employer," we consider how the Legislature identifies Defendant in the NMHIXA to determine if Defendant fell within the WPA's definition of "public employer."

**{6}** The Legislature identified Defendant as a "nonprofit public corporation" created to provide qualified individuals and employers "increased access to health insurance in the state" pursuant "to the provisions of the [NMHIXA]." Section 59A-23F-3(A). The Legislature specified that "[Defendant] is a governmental entity for purposes of the Tort Claims Act [(TCA), NMSA 1978, §§ 41-4-1 to -27 (1976, as amended through 2020)], and neither the exchange nor the board shall be considered a governmental entity for

any other purpose." Section 59A-23F-3(A). Although the NMHIXA itself does not define "governmental entity," we assume the Legislature was well informed as to existing law, including the TCA, when it created the NMHIXA, *see Janet v. Marshall*, 2013-NMCA-037, ¶ 20, 296 P.3d 1253, particularly considering that the TCA, like the NMHIXA, uses the term "governmental entity" and is specifically referenced in the NMHIXA. We therefore consider the TCA's definition of "governmental entity." The TCA defines "governmental entity" as:

> B. "governmental entity" means the state or any local public body as defined in Subsections C and H of this section;
>
> C. "local public body" means all political subdivisions of the state and their agencies, instrumentalities and institutions and all water and natural gas associations organized pursuant to Chapter 3, Article 28 NMSA 1978;
>
> . . . .
>
> H. "state" or "state agency" means the state of New Mexico or any of its branches, agencies, departments, boards, instrumentalities or institutions.

Section 41-4-3(B), (C), (H).

{7} Reviewing both the WPA and NMHIXA, we hold that Defendant does not qualify as a public employer for purposes of the WPA. We explain. Under the language of the NMHIXA, Defendant is a nonprofit public corporation, and cannot be considered a department, agency, office, institution, board, commission, committee, branch or district of state government except to qualify for claims under the TCA. *See* § 59A-23F-3(A); § 41-4-3(B), (C), (H). Defendant therefore does not meet the definition of public employer under Section 10-16C-2(C)(1) of the WPA even though the TCA definition of "governmental entity" substantially overlaps with the WPA definition of "public employer." *Compare* § 10-16C-2(C)(1), *with* § 41-4-3(H).

{8} Further, Defendant cannot be considered a political subdivision under Section 10-16C-2(C)(2), or an entity or instrumentality of the state under Section 10-16C-2(C)(3). Political subdivisions are also included within the TCA definition of "governmental entity." *See* § 41-4-3(C). Section 10-16C-2(C)(3) contemplates that "any entity or instrumentality of the state specifically provided for by law" is a "public employer," but the law in question, the NMHIXA, specifically provides that Defendant only qualifies as such for a claim brought under the TCA. And, again, although the TCA's definition of governmental entity does overlap with the WPA's definition of public employer, the NMHIXA specifies that Defendant is a governmental entity only for purposes of the TCA, and not for "any other purpose." Section 59A-23F-3(A). Therefore, no WPA definition of public employer applies to Defendant.

**{9}** Despite the Legislature's express directive that Defendant be considered a governmental entity for purposes of the TCA and not for any other purpose, Section 59A-23F-3(A), Plaintiff appears to suggest that we need only rely on the plain language of the WPA to determine if it applies to Defendant. But to do so ignores our mandate to construe statutes "whose construction is in question . . . in connection with other statutes concerning the same subject matter" when determining legislative intent. *See Wild Horse Observers Ass'n*, 2022-NMCA-061, ¶ 8 (internal quotation marks and citation omitted). Additionally, we cannot interpret the two statutes together in such a way as to render the Legislature's directive that Defendant is only a governmental entity for the TCA surplusage, nor will we read into the WPA additional language to circumvent the language of the NMHIXA, which would be required in order to determine that the WPA applies to Defendant. *See N.M. Indus. Energy Consumers v. N.M. Pub. Regul. Comm'n*, 2007-NMSC-053, ¶ 20, 142 N.M. 533, 168 P.3d 105 ("[T]wo statutes covering the same subject matter should be harmonized and construed together *when possible*, in a way that facilitates their operation and achievement of their goals." (internal quotation marks and citation omitted)).

**{10}** And while "public employer" and "governmental entity" are separate terms, we reject the notion that the term "public employer" in the WPA applies to Defendant. We reject this argument because we operate "under the presumption that the [L]egislature acted with full knowledge of relevant statutory and common law and did not intend to enact a law inconsistent with existing law." *State ex rel. King v. B & B Inv. Grp., Inc.*, 2014-NMSC-024, ¶ 38, 329 P.3d 658 (alterations, internal quotation marks, and citation omitted). For the reasons discussed, we hold the WPA did not apply to Defendant in 2013.

**{11}** Plaintiff next argues we should hold the WPA applied to Defendant because the NMHIXA does not specifically state Defendant is exempt from the WPA. Although Defendant was required to "operate consistent with provisions of the Governmental Conduct Act, the Inspection of Public Records Act, the Financial Disclosure Act, and the Open Meetings Act and shall not be subject to the Procurement Code or the Personnel Act," Section 59A-23F-3(M), and the NMHIXA made no mention of the WPA when identifying Defendant's requirements or exemptions, we are not persuaded that the WPA applied to Defendant. "[L]egislative silence is at best a tenuous guide to determining legislative intent," *Aeda v. Aeda*, 2013-NMCA-095, ¶ 11, 310 P.3d 646 (internal quotation marks and citation omitted), and in light of the plain language of the WPA and our directive to construe the WPA, NMHIXA, and TCA together, we cannot say that failing to specifically exempt Defendant from the WPA in the NMHIXA is sufficient to hold the WPA definitively applies.

**{12}** To the extent Plaintiff contends the 2019 amendment to NMHIXA shows that the Legislature did not intend to exempt Defendant from the WPA and was merely a clarification, we disagree. In 2019, the Legislature amended the NMHIXA to include that Defendant "is a governmental entity for purposes of the . . . the [WPA]" and must "operate consistent with provisions of . . . the [WPA]." Section 59A-23F-3(A), (M) (2019). "Normally, when the Legislature amends a statute, we presume it intends to change

existing law. However, an amendment may clarify existing law, rather than change the law, if the statute was ambiguous or unclear prior to the amendment." *Aguilera v. Bd. of Educ. of Hatch Valley Schs.*, 2006-NMSC-015, ¶ 19, 139 N.M. 330, 132 P.3d 587 (internal quotation marks and citations omitted). Because Plaintiff makes no argument that the statute was ambiguous or unclear prior to the amendment, we decline to consider Plaintiff's argument further.

**{13}** Plaintiff similarly argues that the 2019 fiscal impact report shows that the Legislature did not intend to exempt Defendant from the WPA. But we "do not generally consider statements of legislators or others after legislation has passed." *Int'l Chiropractors Ass'n v. N.M. Bd. of Chiropractic Exam'rs*, 2014-NMCA-046, ¶ 32, 323 P.3d 914. Given the Legislature's express directive that Defendant be considered a governmental entity for purposes of the TCA and not for any other purpose, the 2019 fiscal impact report does not alter our conclusion that the WPA did not apply to Defendant prior to the 2019 amendment.

**{14}** Finally, we disagree with Plaintiff's argument that our holding leads to an absurd result. The Legislature may exempt from, or limit, liability of government bodies, entities, agencies, etc., and to do so is a policy decision. *See, e.g.*, § 41-4-2(A) (stating that it is "the public policy of New Mexico that governmental entities" are "only . . . liable within the limitations of the [TCA]"); § 59A-23F-3(L) (2020) (stating that the New Mexico Health Insurance Exchange is "not . . . subject to the Personnel Act"); § 10-16C-6 ("A civil action pursuant to the [WPA] shall forever be barred unless the action is filed within two years from the date on which the retaliatory action occurred."). "Unless a statute violates the Constitution, we will not question the wisdom, policy, or justness of legislation enacted by our Legislature." *Aeda*, 2013-NMCA-095, ¶ 11 (alteration, internal quotation marks, and citation omitted). We will not say that the Legislature's proper exercise of its power was absurd when creating Defendant and limiting its liability.

**CONCLUSION**

**{15}** For the foregoing reasons, we affirm.

**{16} IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**KATHERINE A. WRAY, Judge**